## ALPHONSO THILL *vs.* SAMUEL BISHOP.

In an action of ejectment judgment was rendered against the defendant upon default of appearance, and the case was subsequently opened by agreement of the parties, under the following stipulation: " to be opened simply for the purpose of trying the question of fact whether the defendant is the rightful owner of the land claimed by the plaintiff, and is entitled to the possession of the same." The defendant had erected a building and wall upon a part of the demanded premises, which were a strip of land lying between the plaintiff's and defendant's land, and had held such part by adverse possession for more than fifteen years before the commencement of this suit, but had no title to the remainder.

Held, that the defendant had acquired title to the part of the premises upon which the wall and building stood, and so was the rightful owner; as to the remainder, that whether the plaintiff had title or not, yet inasmuch as the defendant had no title, the plaintiff was entitled to judgment under the stipulation.

EJECTMENT; brought to the Court of Common Pleas for New Haven county, and tried on the general issue closed to the court (*Willey, J.*), with notice of title in the defendant.

The court found the following facts, and thereupon reserved the case for advice.

This case was brought to the January term of the court, 1871, and judgment rendered for the plaintiff, the defend-

ant making default of appearance; whereupon execution was issued, but not levied. The case was opened at the May term, pursuant to an agreement of counsel indorsed on the file in the following mode, "the within to be opened simply for the purpose of trying the question of fact whether the defendant is the rightful owner of the land claimed by the plaintiff, and is entitled to the possession of the same," and by order of the court was tried, in accordance with said agreement, the defendant taking the affirmative. The defendant offered evidence to show that the strip of land in dispute was a part of his own premises, and claimed that the boundary line between his land and the land of the plaintiff was not as claimed by the plaintiff, but was, and for more than fifteen years had been, so established as to include all of said strip within his, the defendant's, premises. The plaintiff, by way of rebuttal, offered evidence to prove that the land in question was not the land of the defendant, but was by due and valid conveyance the land of the plaintiff; and that the defendant had not had possession of said strip of land for fifteen years, either adversely or otherwise. Upon all the evidence in the case, the court found that all of the strip of land demanded by the plaintiff is covered by the wall of the brick building of the defendant, in which wall are windows overlooking the garden of the plaintiff, and that the westerly face of the wall of the building is over the original line one foot at the southerly boundary of the disputed strip of land, and four inches at the northerly boundary thereof, and that the defendant holds said strip of land by disseizin; that the southern part of the building and wall, in which a part of the windows are, was built by the defendant, in November and December, 1855, and more than fifteen years before this suit was brought; and that previous to that time all of said strip of land was in the rightful possession and ownership of the grantors of the plaintiff, or those from or through whom they derived title.

In 1861, the defendant built the northerly part of the building and wall, in which a part of the windows are, and then covered with the wall a part of said strip of land,

and that at and previous to that time said strip of land was in the rightful possession of Charles A. Judson, through whom the plaintiff derives title.

The defendant is the rightful owner of neither of said strips of land, unless by adverse possession for fifteen years he has become such as to the first mentioned; and both are now the rightful property of the plaintiff, unless the statute making void deeds of land of which the grantor is ousted of possession has prevented him from acquiring a title thereto, and unless the defendant has by fifteen years adverse possession acquired a title to the one first described. There was never any dispute or controversy about said strips of land, or either of them, prior to the conveyances to the plaintiff, and there has never been any other fence between the land of the plaintiff and the land of the defendant except the wall of said building since its erection.

The court was of opinion (and found) that such maintenance of a part of the wall for fifteen years by the defendant was a holding by adverse possession during said period, although no formal claim was made by the defendant to the land covered by the wall, other than maintaining the wall upon it. The court found other facts, upon which the defendant claimed that the plaintiff could not maintain the action, because his grantors were ousted of possession of the demanded premises by the entry and possession of the defendant, at the time of their conveyance to the plaintiff, by means of the occupation of the premises by the wall and building.

*Baldwin* and *Rogers*, for the plaintiff.

*Clark*, for the defendant.

FOSTER, J. A narrow strip of land lying across the easterly line of the plaintiff's premises and the westerly line of the defendant's, abutting northerly on land of the heirs of Lewis Hotchkiss, and southerly on land of the heirs of Amasa Porter, one foot in width on the southerly end, and four inches on the northerly, is the subject of the present controversy. It

is divided into two parts, the northerly and southerly; a niche in the wall, (a line running along the western face of which is the boundary line on the west,) marks the point of division.

Ejectment was brought in the Court of Common Pleas, and the defendant made default of appearance. Judgment was rendered for the plaintiff, and execution issued, but had not been levied, when the case was opened on terms. The terms agreed to were, "to be opened simply for the purpose of trying the question of fact, whether the defendant is the rightful owner of the land claimed by the plaintiff, and is entitled to the possession of the same." It is manifestly just that this stipulation of the parties should be faithfully carried out.

It appears from the finding of facts, that the defendant placed a building and a wall on the southerly portion of this strip of land in the months of November and December, 1855, and had held that portion of the demanded premises by adverse possession for more than fifteen years prior to the commencement of this suit. Upon the northerly portion of said strip of land the defendant had also placed a wall and a building, but this was not done till 1861, at which time, and prior to which time, that portion of said strip was in the lawful possession of the grantor of the plaintiff.

Under our statute de entry into land, and in view of repeated decisions under it, we must regard the defendant, from the facts found, as having acquired title to, and so being the rightful owner of, the southerly portion of the strip of land in controversy. He has failed to show any ownership of the northerly portion. As we consider the case only on the terms agreed to by the parties, it becomes unnecessary to determine any other questions discussed at the bar.

Our advice to the Court of Common Pleas is, that judgment be rendered for the plaintiff to recover possession of the northerly portion of said strip of land described in the finding of facts.

In this opinion the other judges concurred; except BUTLER,, C. J., who did not sit.